HUDSON v. BANK OF PINE BLUFF.

Opinion delivered May 27, 1905.

1. PARTY—CORPORATION HELD TO BE.—Where, in the caption and body of a complaint, a certain corporation was named as a party defendant, and summons was issued directing the sheriff to summon the corporation, and was returned by him as having been duly served, the corporation was a party defendant, and was bound by the proceedings. (Page 495.)

2. CORPORATION—TRANSFER OF STOCK—RECORD.—Kirby's Digest, § 849, providing that whenever a stockholder in a corporation shall transfer his stock, a certificate of such transfer shall be deposited with the county clerk, does not apply to transfers of stock by way of pledge merely. *Batesville Telephone Co. v. Meyer-Schmidt Grocery Company,* 68 Ark. 115, followed. (Page 496.)

3. PLEDGE OF CORPORATE SHARES—WAIVER.—The mere fact that a creditor, holding shares of a corporation as a pledge for the debt, caused a writ of attachment to be issued against the debtor's property, with a garnishment clause commanding the sheriff to summon the corporation as garnishee, does not indicate that the creditor intended to attach the stock in controversy, and thereby to waive his right to enforce the pledge. (Page 496.)

Appeal from Jefferson Chancery Court.

JOHN M. ELLIOTT, Judge.

Affirmed.

The Bank of Pine Bluff, holding 210 shares of the Park View Land Company in pledge to secure a promissory note for $2,000 executed to it by the firm of Rosenberg & Miller, without any transfer of same on the books of the land company, brought suit against the land company and certain execution creditors of Rosenberg & Miller, and F. M. Hudson, trustee for such creditors, alleging that the creditors had procured executions to be levied upon said 210 shares in the land company owned by Rosenberg & Miller, had caused the shares to be sold, and to be bought in by defendant Hudson as trustee for the creditors, and transferred to him on the books of the land company. The prayer of the complaint was that the

equity of the creditors in the 210 shares of stock of the land company be declared inferior to plaintiff's pledge, and that the rights of all the parties therein be foreclosed.

The answer of the creditors of Rosenberg & Miller denied the allegations of the complaint, and further set up that the plaintiff, in an action against Rosenberg & Miller, had caused a writ of attachment against their property to be issued with a garnishment clause, commanding the sheriff to summon the land company as garnishee, for the purpose and with the object of enabling the sheriff to seize the stock in question, and that the sheriff had vainly attempted to seize the stock, pursuant to that command, by leaving a copy of the writ of attachment with an officer of the land company.

The court found in favor of the plaintiff, and ordered the stock sold in satisfaction of the pledge, and directed the land company to transfer the stock on its books to the purchaser at the commissioner's sale. Defendants have appealed..

*Austin & Taylor, Irving Reinberger, J. W. Crawford, Albert E. Ewing,* for appellants.

If appellee held the stock under a valid pledge, it was not subject to seizure at the suit of appellants, and the levy and sale were a nullity. 42 Ark. 236; 58 Ark. 289; 64 Ark. 213; 31 La. Ann. 149; 78 U. S. 369; 127 U. S. 614; 105 U. S. 143; 11 L. R. A. 472; 96 U. S. 87; 97 U. S. 1047; 53 Texas, 150. The court had no jurisdiction, and the decree rendered is *coram non judice* and void. 73 U. S. 280; 97 U. S. 423; 58 U. S. 130; 115 U. S. 65; 12 Wheat. 198; Kirby's Dig. § 6011; 21 So. 267; 100 U. S. 446; 92 U. S. 511; 184 U. S. 71; Kirby's Dig. § 5064; 2 Paige, 449; 78 N. Y. 221; 78 N. Y. 600; 1 Mon. 21; 5 B. Mon. 106; 16 Am. & Eng. Enc. Law, 130, 1243; 26 Cal. 149; 25 Ark. 60; 2 Metc. 652; Kirby's Dig. § 652. Appellee waived its alleged pledge of stock, and a pledge of stock can only be in writing. Thomp. Corp. § 2622; Hale, Bale. & Car. 126. Appellee is estopped to assert a pledge of the stock, because it was not transferred on the books or the county records. Sand. & H. Dig. § 1338; 93 Fed. 683; 68 Ark. 15; 87 Ala. 577; 20 Cal. 529; 19 Col. 214; 31 Conn. 25; 5 Del.

Ch. 294; 21 Fla. 1; 11 Ga. 459; 91 Ill. 457; 89 Ind. 178; 71 Ia. 270; 39 Kan. 23; 49 Me. 315; 69 Md. 519; 138 Mass. 373; 108 Mo. 588; 42 N. H. 424; 7 N. M. 611; 96 N. C. 362; 105 Ill. 436; 15 R. I. 141; 2 Tenn. Ch. 567; 52 Vt. 66; 89 Wis. 209; 1 Morawetz, Corp. 170; 59 Ark. 244; Cook, Corp. 485; 93 N. Y. 592; 8 Ind. App. 179.

*M. L. Altheimer* and *Bridges & Wooldridge,* for appellees.

Appellees made no attempt to attack the stock, and did not waive their pledge.   69 Ark. 275; 68 Ia. 460.

WOOD, J.   First.   It is contended that the suit must fail because the Park View Land Company was not a party.

The Park View Land Company was a party to the suit. It is named as one of the parties defendant in the caption to the complaint.   Again, in the body of the complaint it is alleged: "That as collateral security to the said indebtedness F. M. Rosenberg, a member of said firm, who was the owner and holder of shares of stock of the Park View Land Company, *one of the defendants herein,*" etc.   Again, in the prayer of the complaint it is asked that "all equity of the said defendants, F. M. Rosenberg, Park View Land Company, etc., be declared inferior and second to the rights of plaintiff, and forever barred and foreclosed, and that said Park View Land Company be directed to execute certificates of stock for the 210 shares to the purchaser at said sale, and for such other and further relief as to this court seems just and proper."   In the summons the sheriff was directed "to summon the Park View Land Company to answer," etc. And the return of the officer showed that the summons was executed by delivering a true copy thereof to the "within named J. B. Trulock, secretary of the Park View Land Company, Charles Weil, its president, being absent from the county."   The complaint contained all the allegations essential for any relief which the proof showed might be necessary to protect the rights of appellee, so far as the Park View Land Company was concerned.   If the Park View Land Company was an indispensable party in order to have the title to the stock in controversy, when determined, properly reflected on its books, and to save any

rights it might have as a corporation in such stock, then it was made a party by the complaint, and was duly served as such.

Second. Appellants seek to have us overrule the recent case of *Batesville Telephone Co.* v. *Meyer-Schmidt Grocery Co.,* 68 Ark. 115, in which we held that sections 1337, 1338 of Sandels & Hill's Digest, now sections 848, 849 of Kirby's Digest, do not apply to transfers of stock by way of pledge. That was a remarkably well briefed case on both sides, and the authorities were exhaustively cited. The case was well considered, and we adhere to the construction there given the statute.

Third. Since the filing of the amended record, the only serious question presented is whether the appellee attempted to attach the stock in controversy, and thereby waived its rights as pledgee, according to the decision of this court in *Claflin* v. *Bretzfelder,* 69 Ark. 275, where we said: "The property pledged was not subject to attachment or execution, so long as it remained unredeemed; but the pledgee had a right to waive or abandon her pledge, and she did so when she undertook to seize it under an order of attachment and to have it condemned by virtue of the attachment to be sold to satisfy a debt owing her." It appeared that on the 30th of March, 1895, Amelia Bretzfelder recovered judgment by default against Rosenberg & Miller for the sum of $6,877.71, and at the same time the attachment was sustained, and all of the said stock in the Park View Land Company and in the Standard Compress and Warehouse Company, garnishees, was condemned to be sold for the satisfaction of said judgment. The clear distinction between the above case and the one at bar lies in the fact that in the Bretzfelder case her judgment condemned the stock to be sold under the attachment, showing conculsively that she had intended to attach, and thought she had done so; whereas in the case at bar there is nothing in the record to indicate that the appellee intended to attach the stock in controversy, except possibly the bare fact that the Park View Land Company was summoned as a garnishee. But the Park View Land Company might have been summoned as a garnishee without any intention to attach.

The argument of counsel for appellee on this point is sound: "If the appellee bank, at the time of the failure of Rosenberg &

Miller, had cause to suspect that the Park View Land Company owed to Rosenberg & Miller any moneys, it certainly could garnish the land company, without any consideration of the fact that it held stock of Rosenberg in the company as collateral. If not, the bank might have believed that the land company owed Rosenberg & Miller a large sum of money, and, in order to estop the payment of same, it would have had to lose its right to this collateral."

The judgment in case of appellees against Rosenberg & Miller sustaining the attachment recites that the attachment was levied on the "goods, wares and merchandise," and this was ordered to be sold under an order of the chancery court, and a lien fixed on the proceeds of the sale. There was no order, as there was in the Bretzfelder case, condemning the corporate stock to be sold to satisfy the judgment in the attachment. The fact that no order condemning the stock to be sold under the attachment was contained in the judgment was at least indicative that no such stock was intended to be included in the attachment.

Looking alone to the record evidence, its reasonable construction favors the finding of the chancellor that there was no attempt by appellee to attach the stock in controversy; and when the parol proof on this point is considered, the preponderance is not clearly against the chancellor's finding.

Fourth. We do not find that appellee is estopped by any other conduct to assert its rights as pledgee to the stock in suit.

The decree is therefore affirmed.