Stroud *v.* Henderson.

Opinion delivered November 25, 1929.

*Duty & Duty* and *McGill & McGill,* for appellant.

*Paul Anderson* and *John W. Nance,* for appellee.

HART, C. J., (after stating the facts). Under our view of the law, the issues raised by the appeal have been settled by the construction already placed by this court under § 1716 of Crawford & Moses' Digest, which reads as follows:

"Whenever any stockholder shall transfer his stock in any such corporation, a certificate of such transfer shall forthwith be deposited with the county clerk aforesaid, who shall note the time of said deposit, and record it at full length in a book to be by him kept for that purpose; and no transfer of stock shall be valid as against any creditor of such stockholder until such certificate shall have been deposited."

This court has several times held that the transfer of stock referred to in this section is the absolute transfer of the legal and equitable title to the stock, and not pledges or liens by way of collateral security. *Batesville Telephone Co.* v. *Myer-Schmidt Grocer Co.,* 68 Ark.

115, 56 S. W. 784, and *Hudson* v. *Bank of Pine Bluff*, 75 Ark. 493, 87 S. W. 1177. In the latter case the court was asked to overrule its holding in the case first cited, and declined to do so. The court said that the prior case was well briefed on both sides, and all authorities bearing on the question had been cited and considered. Therefore the court adhered to the construction given the statute in the Batesville Telephone Company case.

Again, in the case of *Loeb* v. *German National Bank*, 88 Ark. 108, 113 S. W. 1017, the court said that the section of the statute providing for the recording of the transfers of corporate stock with the county clerk does not apply to transfers for collateral security, but only to absolute sales.

In the case at bar the record shows an absolute transfer of stock by H. L. Stroud to his wife, Sallie R. Stroud, and there was no attempt to comply with the provisions of § 1716 of the Digest.

In *Scott* v. *Houpt*, 73 Ark. 78, 83 S. W. 1057, this identical question came before the court for consideration and determination. It was held by a divided court that a transferee of corporate stock, the transfer of which had not been deposited with the county clerk, as required by the statute, could not hold the stock as against attaching creditors of his transferrer, although such creditors had notice of the transfer prior to the completion of their levies, and prior to a sale under judgment rendered in the attachment suit. Judge BATTLE wrote a dissenting opinion, in which he wanted to apply the same rule that had been applied with regard to pledges of stock as collateral security in the opinion prepared by him for the court in the Batesville Telephone Company case.

Before the opinion of the Supreme Court was delivered in *Scott* v. *Houpt*, 73 Ark. 78, 83 S. W. 1057, the question came before Judge ROGERS in a case arising in a circuit court of Arkansas. The learned Judge. said that, after most careful consideration, he had

reached the conclusion that the language of the statute was so certain as to prohibit the court to place any interpretation upon it than to hold that a shareholder could not, by absolute sale, transfer any stock so as to affect the rights of his creditors without complying with the terms of the statute. Judge ROGERS pointed out that the statute was out of harmony with most of the statutory law on the subject in the various states, but said that, while this was true, it was the province of the court, not to amend the statute, but to interpret and enforce it. *Fahrney* v. *Kelly* (C. C.), 102 Fed. 403.

The opinion in the case of *Scott* v. *Houpt*, 73 Ark. 78, 83 S. W. 1057, which was delivered on November 19, 1904, has been generally recognized by the bench and bar as the existing law on the subject until the passage of the Uniform Stock Transfer Act by the Legislature of 1923. See Acts of 1923, p. 358, and Castle's Supplement to Crawford & Moses' Digest, 716a *et seq.* Therefore the decision of the chancery court was correct.

Under the authority of the cases above cited, the transfer of the stock of H. L. Stroud in the Rogers Wholesale Grocery Company to his wife, Sallie R. Stroud, did not become effective as to his creditors because the terms of § 1716 of the Digest had not been complied with. We are not concerned with the reason of the statute. It has been said that the section was passed in aid of the creditors of shareholders because only the stockholders and the corporation itself have access to the books of the corporation, and the creditors of stockholders could not know who owned the shares of stock unless all transfers should be deposited with the county clerk as required by statute.

It follows that the decree must be affirmed.