BRICKEY *v.* THE G. R. BRICKEY MERCANTILE COMPANY.

4-7475                                          183 S. W. 2d 606

Opinion delivered November 27, 1944.

[redacted]

*D. F. Taylor* and *Wils Davis,* for appellant.

*Ivy & Nailling,* for appellee.

HOLT, J. For more than a quarter of a century prior to 1932, The G. R. Brickey Mercantile Company, a corporation, had been in active operation in Osceola, Arkansas. On August 2, 1932, the company had become so involved and burdened with debt that it made a written assignment for the benefit of its creditors of "all the assets belonging to The G. R. Brickey Mercantile Company, excepting the store building," to V. G. Lane, vice-president of the Wm. R. Moore Company of Memphis, Tenn., (one of the largest creditors) with authority "as trustee to handle the business or assets in such manner as he may deem best for the interest of the creditors, that is he may operate the business, may convert it into money either in the usual course of business or by private or public sale. The intent hereof is to empower the said trustee with the same rights of disposition or otherwise over said property as if he were the absolute owner," etc. This assignment was signed by "The G. R. Brickey Mercantile Company, By A. G. Brickey, President. Mrs. G. R. Brickey, Vice-President. Leon Sullivan, Secretary." On the date of this assignment, and since 1920, A. G. Brickey was, and had been, president of the company and in active charge of its business, and owned 186 shares of the capital stock of 400 shares. Following this assignment, Mr. Lane operated the company for approximately fifteen months when, the creditors not having been paid or satisfied, it was determined to sell the remaining assets of the company, for their benefit.

There was a meeting of the stockholders and directors of the Brickey Mercantile Company November 16, 1933, and the minutes of that date reflect the following proceedings: "At a meeting, held on the above date, at

the office of the G. R. Brickey Mercantile Co., called by
the president, A. G. Brickey, the following directors and
stockholders were present, viz: A. G. Brickey, Pres.; Leon
Sullivan, Secy.-Treas., and N. W. Brickey, Director. Ab-
sent, Mrs. L. E. Brickey. The object of the meeting was
stated by Leon Sullivan, Secy.-Treas., who explained that
the company owed approximately $5,000; that some of
the creditors had filed suit and obtained judgments and
were threatening to foreclose or execute on them. He
also stated that he had been to see Mr. Lane, Trustee, on
August 22, 1933. And at that meeting Mr. Lane told him
he could get the creditors to accept a compromise settle-
ment for $1,500 cash and assumption of certain other
obligations—Judgment of Geo. Balloue and account Os-
ceola Lbr. Co. Motion was made by N. W. Brickey, and
seconded, that all the stock certificates of the corporation
be assigned to V. G. Lane, Trustee, and Mr. Lane in-
structed to turn said certificates over to whomsoever of
the stockholders paid over the $1,500 and assumed the
certain indebtedness. Motion was carried and all the
stock certificates turned in to the Secretary-Treasurer
who in turn delivered them to V. G. Lane, Trustee. The
certificates turned in were as follows: No. 21—186 shares,
A. G. Brickey; No. 8—40 shares, Leon Sullivan; No. 12—
20 shares, Leon Sullivan; No. 15—15 shares, Leon Sulli-
van; No. 18—74 shares, Louise E. Brickey; No. 20—60
shares, N. W. Brickey, Trustee, 400 shares.

"A. G. Brickey asked that he be given until Monday,
November 20, 1933, to see if he could get up the money
to buy same. Motion was made and seconded that Mr.
A. G. Brickey be granted the time asked for. Motion
carried, and the following was sent to Mr. V. G. Lane,
Trustee in Memphis, Tenn.:

"The G. R. Brickey Mercantile Company, Osceola,
Ark., November 17, 1933. Mr. V. G. Lane, Trustee for
G. R. Brickey Merc. Co., Memphis, Tenn. Dear Sir: It
is agreed that Mr. A. G. Brickey will have until Monday,
November 20, 1933, to buy the assets of the above concern
for $1,500 cash and he is to assume all liability of the
G. R. Brickey Mercantile Co., and in case that he does

not buy this by the above date you are at liberty to sell as per written agreement that you had with Mr. N. W. Brickey. If Mr. A. G. Brickey pays you the $1,500 cash he is to get a clear receipt from all merchandise creditors as per list furnished you by Mr. Sullivan and assume all other liability of The G. R. Brickey Mercantile Company. Yours very truly, (signed) A. G. Brickey, (signed) Leon Sullivan.''

Following this meeting all the stockholders, including appellant, A. G. Brickey, assigned their stock certificates in blank to Mr. Lane, trustee, with instructions ''to turn said certificates over to whomsoever of the stockholders paid over the $1,500 and assumed the certain indebtedness'' as provided by the action of the stockholders and directors, *supra*.

Appellant testified in part as follows relative to the transfer and delivery of his stock to Lane. ''What were the circumstances in connection with the reissuance of the stock on that date? A. After I signed this I was given a few days in which to get this $1,500 up. Mr. Wales said that Mr. Lane wanted the stock, and it was issued and signed, and I left it lying on the desk in the office in the company's store, got in my car and went to Memphis to try to raise the money. Q. Was there a reissuance of stock by the company in lieu of the 186 shares which you state that you lost? A. There was. Q. State the circumstances under which the certificate for 186 shares was reissued and when, if you remember? A. It was reissued the same day that this letter of Mr. Wales, November 17, 1933. Q. State the circumstances under which it was reissued, as you remember? A. I signed a statement saying that I had lost or misplaced the stock, and the stock was reissued to be put up with Mr. Lane as per the agreement we had with Mr. Lane in which all stockholders were to do the same thing.''

The record discloses that appellant was given additional time beyond November 20, 1933, to buy the assets of the mercantile company for $1,500 in cash. When it became apparent that he was unable to raise the money with which to make the purchase, all the assets of the

company were sold by Mr. Lane to N. W. Brickey for $1,500 on December 28, 1933, all the company's stock turned over to him and he assumed the company's debts. N. W. Brickey reissued the stock of the company, none of which went to appellant, and he reorganized and continued the business.

November 25, 1936, appellant filed this suit asking for an accounting "showing all transactions with reference to the merchandise, real and personal property and capital stock of the said corporation since August 2, 1932," and that he be restored to all of his rights as stockholder. Appellees denied that appellant had any interest in the company. The trial court found all issues in favor of appellees and this appeal followed.

While appellant testified to the contrary, we think the great preponderance of the testimony is to the effect that appellant was not only present in person at the meeting of the stockholders and directors on November 16, 1933, but that he actively participated and agreed to the action there taken, *supra*. He admits that on the next day, November 17th, following the action of the company, *supra*, he went to Mr. Lane's office, and after informing him that his, appellant's, certificate to his 186 shares of stock was lost, he signed an affidavit to this effect, and a new stock certificate was issued to him, which he immediately indorsed and signed in blank, and delivered to the trustee, and in his own words "to be put up with Mr. Lane as per the agreement we had with Mr. Lane in which all stockholders were to do the same thing." He admitted that he was given the option as stated in the letter, *supra*, to purchase all the assets of the company for $1,500 cash by November 20th and that additional time beyond this was given him, but that he was unable to raise the money with which to make the purchase.

There is no evidence here of fraud or deception in the assignment and transfer of appellant's stock to Mr. Lane, the trustee, or in the subsequent sale of all the assets of the company to N. W. Brickey by Lane, as trustee. When appellant indorsed, signed and delivered

his stock certificate to Lane, under the agreement of the stockholders and directors, *supra,* he did all that was required under our statute to constitute an absolute transfer of the legal and equitable title to the stock and all of his interests therein, and in so doing he parted with all of his interests in the assets of the mercantile company, whether such assets be composed of realty, personalty or merchandise.

Section 2150 of Pope's Digest provides: "The title to a certificate and to the share represented thereby can be transferred only: (a) by delivery of the certificate indorsed either in blank or to a specified person by the person appearing by the certificate to be the owner of the shares represented thereby," etc.

In *Stroud* v. *Henderson,* 180 Ark. 459, 21 S. W. 2d 871, the court said: "This court has several times held that the transfer of stock referred to in this section is the absolute transfer of the legal and equitable title to the stock, and not pledges or liens by way of collateral security." See, also, 7 R. C. L., § 242, p. 264; 13 Am. Jur., § 340, p. 414.

N. W. Brickey paid $1,500 cash, a valuable consideration, for the assets of the company which, in the circumstances here, carried with the purchase, all the stock of the corporation. When this sale was made to N. W. Brickey all of appellant's interest in the stock and assets of The G. R. Brickey Mercantile Company came to an end.

Finding no error, the decree is affirmed.